[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 2611
Presently before the court is the plaintiff Security Insurance Company of Hartford's (Security) renewed Motion for Summary Judgment against defendant ACMAT Corporation (ACMAT). On August 26, 1996. Security filed a two count complaint against the defendants, Lumbermans Mutual Casualty Company (Lumbermans) and ACMAT.
ACMAT is a defendant in a separate pending lawsuit In reBridgeport Asbestos Litigation, in the Superior Court judicial district of Fairfield at Bridgeport (Bridgeport Litigation). That lawsuit was commenced by 100 plaintiffs who allegedly suffered bodily injuries as a result of ACMAT's use of asbestos fireproofing spray.
ACMAT is a Connecticut corporation that commenced using asbestos containing fire-proofing spray sometime in 1968. During the years that ACMAT used the asbestos fire-proofing spray, it was insured under various comprehensive liability insurance policies. Specifically, from January 1, 1972 through January 1, 1976, ACMAT was insured under an occurrence based comprehensive general liability policy of the plaintiff Security.
From January 1, 1968 through January 1, 1972, ACMAT was insured under a similar general liability insurance policy issued by Aetna Casualty Surety Company (Aetna). From January 1, 1976 through January 1, 1979, ACMAT was provided with similar insurance coverage by Liberty Mutual Insurance Company (Liberty). From January 1, 1979 through April 15, 1981, ACMAT was covered under a comprehensive general insurance liability policy issued by the defendant Lumbermans. From April 15, 1981 through April 15, 1985, ACMAT was insured by CIGNA. Since April 1, 1985, ACMAT has been uninsured as to asbestos related claims because of coverage exclusions in its insurance.
On July 2, 1991, ACMAT released Lumbermans from its insurance policies with ACMAT. After the Bridgeport Litigation commenced, Security, as one of the insurers obligated to defend ACMAT, filed this declaratory judgment action to determine whether Lumbermans or ACMAT must contribute equitably to the costs of the defense of ACMAT in the Bridgeport Litigation.
Although Aetna, Liberty and CIGNA have an obvious interest in the contribution of ACMAT to the costs of its defense, they are CT Page 2612 not parties. At paragraph 7 of each count of the complaint, plaintiff has alleged that it gave notice of the complaint by certified mail to said three insurers. Neither defendant has admitted that allegation, the Deputy Sheriff's return does not reflect such notice, there is no supplemental return, and the various affidavits, stipulations, briefs and exhibits of the parties to the motions for summary judgment do not document the sending, language or receipt of such notice.
In an action seeking a declaratory judgment, the Connecticut Practice Book requires, at section 17-55 (previously section 390) that the judge "will not render declaratory judgments upon the complaint of any person . . . until all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof." The absence of such notice or joinder deprives the court of subject matter jurisdiction. Connecticut Ins. Guranty Assn. v. RaymarkCorporation, 215 Conn. 224, 230, 575 A.2d 693 (1990).
As the Supreme Court stated in Raymark:
"Compliance with the requirement of [section] 390(d) for notification or joinder of all those "having an interest in the subject matter of the complaint, has been regarded by this court as essential to the jurisdiction of a court to render a declaratory judgment . . . Even before the advent of our declaratory judgment act, General Statutes [section] 52-29, in 1921, we had recognized the necessity for giving persons whose rights might be affected by a court proceeding an opportunity to be heard. "It is the settled rule of this jurisdiction, if indeed it may not be called an established principle of general jurisprudence, that no court will proceed to the adjudication of a matter involving conflicting rights and interests, until all persons directly concerned in the event have been actually or constructively notified of the pendency of the proceeding, and given reasonable opportunity to appear and be heard." (citations omitted; internal quotation marks omitted.) Id., 229.
The lack of proof or notice to the three non-party insurers of ACMAT may reflect a mere procedural oversight by the plaintiff against the backdrop of the novel substantive legal issues raised by this case. But the court will not presume such notice when it is essential to its jurisdiction.
Given the absence of evidence that the notice necessary for CT Page 2613 subject matter jurisdiction has been given, the plaintiff has failed to sustain its burden of proof that it is entitled to judgment as a matter of law. Accordingly, the motion is denied, without the substantive issues raised therein being reached.
It is further ordered that until proof of notice to the three non-party ACMAT insurers is filed with the court, this suit is stayed. Any such notice should be documented by the filing with the court of an affidavit, copies of the notices and proof of receipt of same.
James T. Graham Superior Court Judge